USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
CARLOS GONZALEZ,                                              :
:
                Plaintiff,                                  :   11 Civ. 3744 (JMF)
:
        -v-                                                  :   ORDER ADOPTING
:   REPORT AND
ADA PEREZ,                                                    :   RECOMMENDATION
:
                Defendant.                                  :
:
------------------------------------------------------------- X

JESSE M. FURMAN, District Judge:

      Petitioner Carlos Gonzalez ("Petitioner"), proceeding *pro se*, filed a petition for the Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254 ("Petition") (Dkt. No. 1), challenging his October 2008 conviction in New York State Supreme Court, New York County. Petitioner was convicted after a jury trial of criminal possession of a weapon in the second degree and criminal possession of weapon in the third degree; he was acquitted of second-degree murder. Petitioner seeks habeas relief on two grounds: (1) that his conviction for second-degree criminal possession of a weapon was against the weight of the evidence; and (2) that there was insufficient evidence to support that conviction. The case was referred to the Honorable Theodore H. Katz, United States Magistrate Judge. (Dkt. No. 6). On May 2, 2012, Magistrate Judge Katz issued a thorough Report and Recommendation ("Report") recommending that this Court deny the Petition in its entirety. (Dkt. No. 14).

      In his Report, Magistrate Judge Katz recommended denying Petitioner's weight-of-the-evidence claim on the ground that such a claim arises under state law and is not cognizable in a federal habeas proceeding. (Report at 13-14). He recommended denying Petitioner's sufficiency-of-the-evidence claim on either of two grounds: (1) that it was procedurally barred because

Petitioner failed to preserve the claim through a contemporaneous objection specifically directed at the alleged error, as required by New York law (*id.* at 15-23); and (2) that it was meritless because "the evidence adduced at Petitioner's trial provided ample grounds for the triers of fact to conclude beyond a reasonable doubt that Petitioner criminally possessed a weapon in the second degree." (*id.* at 23-28). Petitioner timely filed objections to the Report. Petitioner's objections, however, are limited to the sufficiency claim; he makes no objection to Magistrate Judge Katz's recommendation on the weight-of-the evidence claim.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Svc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Here, as noted, Petitioner makes no objections to Magistrate Judge Katz's recommendations with respect to his weight-of-the-evidence claim. In any event, whether reviewed for clear error on the face of the record or *de novo*, Magistrate Judge Katz's conclusions with respect to that claim are plainly correct. A weight-of-the-evidence claim is, after all, a state law claim under New York Criminal Procedure Law § 470.15(5). *See, e.g., Cintron v. Fisher*, No. 07–CV–1058 (KMK) (PED), 2012 WL 213766, at *3 (S.D.N.Y. Jan. 24, 2012) (citing cases). And as the Second Circuit reaffirmed just a few weeks ago, a question of state law "is not subject

2

to federal habeas review." *Freeman v. Kadien*, — F.3d —, No. 11-353-pr, 2012 WL 2551092, at *4 (2d Cir. July 3, 2012); *see also* 28 U.S.C. § 2254(d)(1) (limiting habeas relief to a state court decision "that was contrary to, or involved an unreasonable application of, clearly established *Federal* law") (emphasis added); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Although Petitioner does raise objections to Magistrate Judge Katz's recommendations with respect to his sufficiency claim, his objections are arguably too general and conclusory to warrant *de novo* review. In any event, even reviewing Magistrate Judge Katz's Report *de novo* — which this Court has done — there is no basis to grant Petitioner relief in this case. First, as Magistrate Judge Katz concluded, Petitioner's sufficiency claim is procedurally barred because it was properly rejected by the Appellate Division on the independent and adequate state law ground that it was not preserved for appellate review. (Report at 15-23). Pursuant to New York's contemporaneous-objection rule, an issue is unpreserved for appeal unless the appellant objected to the issue during trial. *See* N.Y. Crim. Proc. Law § 470.05(2); *see also Cintron*, 2012 WL 213766, at *1. To preserve a sufficiency challenge, it is not enough to make a general motion to dismiss at the end of the prosecution's case or the end of trial; to comply with the contemporaneous-objection rule, the motion to dismiss "must be 'specifically directed'" at the alleged insufficiency of the evidence to preserve the claim for appellate review. *Cintron*, 2012 WL 213766, at *1 (citing cases). Here, as in *Cintron*, Petitioner "made a general motion to dismiss at the end of the trial and did not identify the precise defect later raised on appeal." *Id.* Indeed, as Petitioner himself all but concedes (in arguing that his general motion to dismiss should have been interpreted by the trial court as a motion to dismiss for insufficiency of the evidence), the motion was not "specifically directed" at the alleged error. Accordingly, Petitioner's

3

sufficiency claim is procedurally barred from federal review because the state court's decision rested on independent and adequate state law grounds.

In any event, even if Petitioner were not barred from raising his sufficiency claim here (or if, as he argues in his objections — for the first time — his failure to object was the product of ineffective assistance of counsel), Petitioner's claim fails on the merits. Notably, sufficiency-of-the-evidence claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, — U.S. —, 132 S. Ct. 2060, 2062 (2012) (per curiam). First, even on direct appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Second, "if the state courts have rejected the defendant's constitutional arguments on the merits, a federal court may not grant the writ of habeas corpus unless the state courts' decision was based on 'an unreasonable application of [ ] clearly established Federal law.'" *Garbutt v. Conway*, 668 F.3d 79, 81 (2d Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1)). "Thus, where the state courts have denied a claim of insufficient evidence on the merits, [a federal court] may not grant the writ unless [it] conclude[s] that *no* reasonable court could have held that *any* reasonable jury could have read the evidence to establish petitioner's guilt beyond a reasonable doubt." *Id.* at 81-82; *accord Coleman*, 132 S. Ct. at 2062; *Cavazos v. Smith*, — U.S. —, 132 S. Ct. 2, 7 (2011) (reaffirming "the necessity of deference to state courts in § 2254(d) habeas cases").

Applying this "doubly deferential standard of review" to the present case, there is no basis to disturb Petitioner's conviction. *Garbutt*, 668 F.3d at 81. Under New York law, a person is guilty of second-degree criminal possession of a weapon when he possesses a "loaded firearm" with the "intent to use the same unlawfully against another . . . ." N.Y. Penal Law § 265.03(1). Further, possession of an unlicensed firearm is "presumptive evidence that [the defendant]

4

intended to use it unlawfully against another person." *Pagan v. Brown*, No. 07-CV-0453 (JS) (WDW), 2011 WL 3235769, at *5 (E.D.N.Y. July 28, 2011) (citing N.Y. Penal Law § 265.15). Here, there is no dispute that Petitioner possessed a loaded firearm and that the firearm was unlicensed, as he admitted that he had found a gun and then brought it to confront a man who had insulted his girlfriend. (Report at 26). The only dispute is Petitioner's intent.

In general, the question of intent is one of fact for the jury. *See, e.g.*, *People v. Cabey*, 85 N.Y.2d 417, 421-22 (1995). Further, although Petitioner contends that his intent in bringing the gun to the confrontation was "initially and conclusively for protection purposes" (Objection at 11), there was ample evidence from which the jury could conclude that Petitioner intended to use the weapon unlawfully. As Magistrate Judge Katz noted, for example, a defendant may be convicted of second-degree criminal possession of a weapon when he simply uses a firearm to intimidate, menace, or harass another person. (Report at 26 (citing cases)). Here, Petitioner went beyond merely using the gun to intimidate, menace, or harass another person; he actually fired at, and killed, that person. (*Id.*).

Moreover, as both the Appellate Division and Magistrate Judge Katz concluded, the fact that the jury acquitted Petitioner of second-degree murder is of no moment. As the Appellate Division explained:

> Among other things, the jury could have found a lack of proof of some element of second-degree murder, or it could have found mitigating circumstances falling short of legal justification but meriting leniency. In any event, even assuming that defendant acted with justification at the moment he fired his first shots at the deceased, the evidence supports the conclusion that he possessed the weapon with the requisite unlawful intent immediately before or after that point in time, or both.

*People v. Gonzalez*, 897 N.Y.S.2d 55, 56 (App. Div. 1st Dep't 2010).

For these reasons, it cannot be said that no reasonable jury could have found that Petitioner was guilty beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. And it certainly cannot be

said that the Appellate Division's conclusion to that effect was either contrary to or an unreasonable application of federal law. *See Garbutt*, 668 F.3d at 81-82.

Accordingly, it is hereby ORDERED that Magistrate Judge Katz's Report and Recommendation dated May 2, 2012, is ADOPTED in its entirety and that Petitioner's petition for the writ of habeas corpus is DENIED. The Clerk of Court is directed to enter a judgment in favor of Respondent and to close this case.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 19, 2012
      New York, New York

_____
JESSE M. FURMAN
United States District Judge